WILLIAM HILL, PLAINTIFF IN ERROR, v. JESSE BU-
CHANAN ET AL., EXECUTORS, &c., OF PAUL BU-
CHANAN, DECEASED, DEFENDANTS IN ERROR.

Argued June 24, 1904—Decided March 6, 1905.

The possession of a promissory note by an endorser, after its protest
for non-payment by the holder, is *prima facie* evidence that he
has performed his contract of endorsement, and has paid to the
holder the amount due upon the note.

On error to the Essex Circuit Court.

For the plaintiff in error, *James M. Trimble.*

For the defendant in error, *Francis Child.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This was an action upon a
promissory note made by Louis A. Gartz to his own order
and endorsed by F. Gartz, Paul Buchanan, William Hill and
John P. Weber in the order named, each one of whom went
upon the note for the accommodation of the maker. L. Gartz
himself, the maker of the note, appears upon it not only as
maker but also as first and last endorser. When the note
fell due it was protested for non-payment, and notice of
dishonor was sent to the maker and each of the endorsers.
The day following Hill was called upon by Weber, the last
of the accommodation endorsers, who produced the note and
demanded its payment. Hill complied with the demand and
now seeks to recover the amount of the note from the de-
fendants, who are the executors of Buchanan, the endorser,
whose name precedes Hill's upon it. At the close of the
case the trial judge directed a verdict for the defendants,
stating as his reason for doing so that the plaintiff had
failed to show "that Weber, who stood below him on the

note and was an accommodation endorser, had taken up the note by paying value for it and had thus become a *quasi* holder for value, so as to transmit to the plaintiff such a title to the note as would enable him to maintain his suit."

The plaintiff assigns error upon this instruction.

The fact that the maker's name appeared upon the back of the note beneath that of the last of the accommodation endorsers, coupled with the fact that afterward the note was protested for non-payment, and that notice thereof was given to both maker and endorsers, was sufficient proof that the maker had parted with the note and thereby fixed the liability of the endorsers not only to the holder but *inter sese*. This being so, the possession of the note by Weber after its protest and after notice of dishonor had been served upon him justified the conclusion that he had performed his contract as endorser with the holder by taking up the note and was entitled to call upon Hill, as prior endorser, to pay him. By his act of endorsement Hill contracted with Weber, his endorsee, that if the maker or previous endorsers did not pay the note at maturity, if duly called upon and notified, he (Hill) would pay it. Having entered into this contract, he was legally bound to perform it; and, having performed it, he was entitled to call upon Buchanan, whose contract with him was identical with his contract with Weber, to perform in his turn.

On the proofs submitted the trial judge should have directed a verdict for the plaintiff.

The judgment under review should be reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Dixon, Garrison, Fort, Pitney, Swayze, Bogert, Vreedenburgh, Vroom, Green, Gray. 12.